IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. EZEBUIROH, #19059152, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-cv-00135-JPG |
| JOHN DOE 1, CRAIG GRIFFIN, and JOHN DOE 3, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jerry Ezebuiroh, an inmate at Marion County Law Enforcement Center ("Jail"), brings this action for deprivations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims that Jail Administrator John Doe 1 failed to protect him from an attack by federal inmates in July 2019 and denied him medical care for his injuries (*id.* at p. 7); Public Defender Craig Griffin disregarded his miscellaneous complaints about the Jail[1] (*id.* at p. 8); and Sheriff John Doe 3 ignored Plaintiff's grievances about the unsanitary conditions of his confinement (*id.* at p. 9). Plaintiff seeks money damages and employment termination of the defendants. (*Id.* at p. 10). He also requests an emergency transfer. (*See* Doc. 6).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a

---

[1] These complaints are the subject of four separate suits now pending in this Court, including *Ezebuiroh v. Doe,* No. 19-cv-00729-JPG (S.D. Ill. filed July 8, 2019); *Ezebuiroh v. Doe,* No. 19-cv-01042-JPG (S.D. Ill. filed Sept. 25, 2019); *Ezebuiroh v. Doe,* No. 20-cv-00157-JPG (S.D. Ill. filed Feb. 10, 2020).

1

defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Before the Court screens the Complaint, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For purposes of this analysis, Plaintiff's Complaint can be divided into four claims:

**Count 1:** Jail Administrator John Doe 1 failed to protect Plaintiff from harm by federal inmates in July 2019. (Doc. 1, p. 7).

**Count 2:** Jail Administrator John Doe 1 denied Plaintiff medical care for injuries inflicted by federal inmates in July 2019. (Doc. 1, p. 7).

**Count 3:** Public Defender Craig Griffin disregarded Plaintiff's numerous, miscellaneous complaints about the Jail. (Doc. 1, p. 8).

**Count 4:** Sheriff John Doe 3 subjected Plaintiff to unlawful conditions of confinement at the Jail that included exposure to mold, mice, and contaminated food that caused illness. (Doc. 1, p. 9).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Severance

Plaintiff's claims involve three different defendants, three or more separate transactions or occurrences, no common questions of fact, and distinct legal theories. They cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2). District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The Court will exercise its discretion and sever the claims arising from each separate incident into two new suits:

### Severed Case No. 1:

**COUNT 3** against Public Defender Craig Griffin for disregarding Plaintiff's numerous, miscellaneous complaints about the Jail. (Doc. 1, p. 8).

**Severed Case No. 2:**

> **COUNT 4** against Sheriff John Doe 3 for subjecting Plaintiff to unlawful conditions of confinement at the Jail. (Doc. 1, p. 9).

The Clerk will be directed to open Severed Cases No. 1 and 2. Plaintiff will be responsible for paying the filing fee for each severed case, unless he timely advises the Court that he does not wish to proceed with the action(s). Counts 1 and 2 will remain in this action.

## Merits Review Under 28 U.S.C. § 1915A

Counts 1 and 2 do not survive screening. Plaintiff sets forth insufficient facts to support either claim. *See* FED. R. CIV. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Plaintiff's allegations suggest that he may have *possible* claims against Jail Administrator John Doe 1.

In connection with Count 1, Plaintiff's allegations do not suggest that Jail Administrator John Doe 1 was aware of any heightened risk of harm posed to Plaintiff's health or safety *before* Plaintiff was attacked by federal inmates in July 2019. (Doc. 1, p. 7). Plaintiff first complained to this defendant *after* he was attacked. (*Id.*). With regard to Count 2, Plaintiff's allegations suggest that Jail Administrator John Doe 1 might have denied him medical care, but he offers no information about his injuries, his need for treatment, or the defendant's knowledge of either. (*Id.*).

Counts 1 and 2 fail to satisfy the pleading requirements described in Rule 8 and *Twombly*. The allegations suggest possible—*not plausible*—claims against Jail Administrator John Doe 1. This is not enough to survive screening under § 1915A. Both claims shall therefore be dismissed without prejudice. Plaintiff will have an opportunity to re-plead both claims *in this case*.

**Pending Motions**

**1.     Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). Plaintiff has demonstrated some efforts to locate counsel on his own. However, it is not clear whether his efforts were made in connection with this particular case, and Plaintiff has at least three other cases pending in this District. *See* FN. 1 above. Further, Plaintiff's lack of education and mental health condition(s) apparently pose little or no impediment to litigation. Plaintiff has filed—and continues to file—numerous suits in this district that survived screening and are currently pending. *See* FN. 1 above. He has also demonstrated an ability to articulate the claims in this case with relative clarity. For these reasons, Plaintiff's request for counsel is denied.

**2.     Motion for Emergency Transfer (Doc. 6)**

Plaintiff's Motion for Emergency Transfer is also **DENIED without prejudice**. He seeks a transfer from the Jail to an unspecified location. Plaintiff claims that John Doe 1 has held him in detox for seven months without medical care[2] or an "end date" (*id*. at p. 1), John Doe 2 (Craig Griffin) has not accepted Plaintiff's invitation to visit the Jail to witness his living conditions (*Id*.), and John Doe 3 told Plaintiff that he should not have "put false statements on his coworkers" (*id*. at p. 2). The Constitution does not guarantee placement in a particular facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Plaintiff offers insufficient grounds to support this type of request. Given that his

---

[2] To date, Plaintiff has not indicated exactly what medical attention he requires. (*See* Docs. 1 or 6).

claims do not survive screening and his request for relief does not arise from any specific or urgent need (or threat of irreparable harm), the motion is denied.

## **Disposition**

**IT IS ORDERED** that **COUNT 3** is **SEVERED** into a new case, which shall be captioned: **JERRY B. EZEBUIROH, Plaintiff vs. CRAIG GRIFFIN (Public Defender), Defendant.**

**IT IS ORDERED** that **COUNT 4** is **SEVERED** into a new case, which shall be captioned: **JERRY B. EZEBUIROH, Plaintiff vs. JOHN DOE 3 (Sheriff), Defendant.**

The Clerk is **DIRECTED** to file the following documents in each newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendants **CRAIG GRIFFIN (Public Defender)** and **JOHN DOE 3 (Sheriff)** are **DISMISSED** with prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** both Defendants as parties to *this action* in CM/ECF.

The **only claims remaining in this action** are **COUNTS 1** and **2** against Defendant **JOHN DOE 1**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **JERRY B. EZEBUIROH, Plaintiff vs. JOHN DOE 1 (Jail Administrator), Defendants.**

**IT IS ORDERED** that **COUNTS 1** and **2** are **DISMISSED** without prejudice against Defendant John Doe 1 for failure to state a claim upon which relief may be granted.

On or before **March 13, 2020**, Plaintiff is **GRANTED** leave to file an "Amended Complaint." Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

5

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Amended Complaint," and he should use the case number for this action (No. 20-cv-00135-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/11/2020**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **United States District Judge**