**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JERRY B. EZEBUIROH, #19059152,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-00135-JPG** |
| | ) | |
| **KENNY BENZING and** | ) | |
| **ALLISON ALEXANDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of the Amended Complaint filed by Plaintiff Jerry Ezebuiroh, an inmate at Marion County Law Enforcement Center ("Jail"). (Doc. 10). Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at the Jail in July 2019. He asserts claims against Jail Administrator Kenny Benzing for failing to protect him from several inmate attacks and against Nurse Allison Alexander for denying him medical treatment for his resulting injuries.[1] (*Id.* at pp. 7-10). Plaintiff seeks money damages and employment termination of the defendants. (*Id.*).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

---

[1] In a Motion to Substitute, Plaintiff identified John Doe (Jail Administrator) as Kenny Benzing and Jane Doe (Nurse) as Allison Alexander in the Amended Complaint. (Doc. 15). The Clerk of Court has updated the names of these defendants in CM/ECF. (Doc. 16). This Order refers to John Doe as Jail Administrator Kenny Benzing and to Jane Doe as Jail Nurse Allison Alexander.

damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 10, pp. 7-9): After receiving threats of harm from federal inmates who were housed with Plaintiff in C-Block, Plaintiff asked Jail Administrator Benzing to move him to another cellblock. Jail Administrator Benzing denied his request, and Plaintiff was repeatedly attacked and injured by the federal inmates the same month.  On July 1, 2019, an inmate called Plaintiff to his cell and attacked him, causing Plaintiff to sustain a head injury.  On July 8 and July 9, 2019, federal inmates again attacked him, causing Plaintiff to lose blood and consciousness.  When Plaintiff directed a second request for a transfer to an officer, the officer told Plaintiff that the decision was up to Jail Administrator Benzing.  Following each attack, Nurse Alexander observed Plaintiff's injuries but denied him medical treatment.  In late July, Jail Administrator Benzing called Plaintiff in for an interview and accused him of "starting trouble" at the Jail.  When Plaintiff reiterated his request for help with the federal inmates, Jail Administrator Benzing did not respond.  (*Id.*).

The Amended Complaint focuses on the following two enumerated counts:

**Count 1:**   Jail Administrator Benzing failed to protect Plaintiff from harm by federal inmates in July 2019.  (Doc. 10, pp. 7-9).

**Count 2:**   Nurse Alexander denied Plaintiff medical care for injuries inflicted by federal inmates in July 2019.  (Doc. 10, pp. 7-8).

**Any claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Discussion

Counts 1 and 2 survive screening under the Fourteenth Amendment[3] and Section 1915A. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)) (articulating legal standards for excessive force and medical claims brought by pretrial detainees).  Count 1 shall receive further review against Jail Administrator Benzing, and Count 2 shall receive further review against Nurse Alexander.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 9) is **DENIED** without prejudice.  *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant).  Plaintiff has demonstrated some efforts to locate counsel on his own.  (*See* Docs. 3 and 9).  However, the Court is not convinced that he requires an attorney to represent him in this particular case at this time.  The two claims are straightforward, and Plaintiff has demonstrated his ability to prepare and file coherent pleadings articulating those claims.  The Amended Complaint survives screening.  If it becomes necessary to recruit counsel for Plaintiff as the case proceeds, the Court or Plaintiff may revisit this issue.

## Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 10) survives screening under Section 1915A.  **COUNT 1** will proceed against Defendant **JAIL ADMINISTRATOR KENNY BENZING**, and **COUNT 2** will proceed against Defendant **NURSE ALLISON ALEXANDER**. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

---

[3] Because Plaintiff describes himself as a detainee, the Court has analyzed his claims under the legal standard applicable to pretrial detainees, *i.e.*, Fourteenth Amendment.  However, the allegations also support claims under the Eighth Amendment standard that is applicable to convicted persons.

**Because this claim arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk of Court shall prepare for Defendants **KENNY BENZING** and **ALLISON ALEXANDER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 10), and this Memorandum and Order to each Defendant's place of employment.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the

4

costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/12/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

5