IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. EZEBUIROH, #S12813, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00135-JPG |
| ) | |
| KENNY BENZING and ) | |
| ALLISON ALEXANDER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Defendant Kenny Benzing and Allison Alexander's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Doc. 99). Plaintiff Jerry Ezebuiroh filed three short responses in opposition to the motion. (Docs. 118, 121, and 123). For the reasons set forth herein, the motion shall be **GRANTED** and this case **DISMISSED**.

### BACKGROUND

Plaintiff Jerry Ezebuiroh filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on February 3, 2020. In the Amended Complaint (Doc. 10), Ezebuiroh alleged deprivations of his constitutional rights at Marion County Law Enforcement Center ("Jail") in July 2019, when Jail Administrator Kenny Benzing failed to protect him from inmate attacks and Nurse Allison Alexander denied him adequate medical treatment for his injuries. More specifically, Ezebuiroh claims that he asked Jail Administrator Benzing to move him to another cellblock after he received threats of harm from federal inmates who were housed with him in C Block. (Doc. 10, pp. 7-9). Jail Administrator Benzing denied his request, and Ezebuiroh was attacked. On July 1, 2019, an

1

inmate attacked Ezebuiroh and inflicted a head injury. On July 8 and 9, 2019, federal inmates attacked him again and caused him to lose blood and consciousness. When Ezebuiroh requested a transfer, an officer told him that Jail Administrator Benzing was responsible for his placement decision. Following each attack, Nurse Alexander observed Ezebuiroh's injuries but denied him medical treatment. (*Id*.).

Following screening of this matter pursuant to 28 U.S.C. § 1915A, Ezebuiroh was allowed to proceed with a claim against Jail Administrator Benzing for failing to protect him from harm by federal inmates in July 2019 (Count 1) and a separate claim against Nurse Alexander for denying him medical treatment for his injuries (Count 2). (Doc. 17). Both claims survived screening. (*Id*. at 3).

## MOTION FOR SUMMARY JUDGMENT

Jail Administrator Benzing and Nurse Alexander moved for summary judgment against Ezebuiroh based on his failure to exhaust available administrative remedies before bringing suit. (Doc. 99). They describe a four-step grievance process at the Jail. (*Id*. at ¶ 5). The first step requires an inmate to discuss his complaint with an officer in an attempt to resolve the issue informally. (*Id*. at ¶ 7). If this does not work, the inmate should next submit a grievance form to the Jail's sergeant. (*Id*. at ¶ 8). If he is not satisfied with the result, the inmate should then proceed to the third step of the grievance process by submitting the grievance form to the Jail's administrator. (*Id*. at ¶ 9). In step four, the inmate must submit his written grievance to the sheriff. (*Id*. at ¶ 10). The Jail's grievance form describes each step of this process. (*Id*. at ¶ 6).

A grievance must be filed within twenty-four hours of the incident giving rise to the grievance. (*Id*. at ¶ 11). Inmates also have twenty-four hours from the denial of a grievance at any level to appeal that decision to the next level. (*Id*. at ¶ 12). To appeal, an inmate may circle

the step number on the grievance form, indicate the step number on the form, or address the grievance to the appropriate official.  (*Id*. at ¶ 13).

Defendants point out that Ezebuiroh made regular use of the grievance process at the Jail during the relevant time period.  (*Id*. at ¶ 14).  However, he did not complete the four steps necessary to exhaust a single grievance against Jail Administrator Benzing for failing to protect him from the inmate attacks or against Nurse Alexander for denying him treatment for his injuries.  (*Id*. at ¶¶ 14-33).  They also explain that he failed to take the steps necessary to address any of his complaints in a timely manner.  (*Id*.).  Accordingly, Defendants seek summary judgment against Ezebuiroh based on his failure to exhaust administrative remedies before bringing suit.

## PLAINTIFF'S RESPONSE

In response to the motion for summary judgment, Ezebuiroh filed three single-page documents. (Docs. 118, 121, and 123).  Only the first response was timely, and none address any aspect of Defendants' motion.  For the sake of completeness, however, the Court will describe all three.

In the initial response filed October 21, 2021, Ezebuiroh summarized his claim against each defendant.  (Doc. 118).  He stated that Jail Administrator Benzing did not protect him from an inmate attack that occurred on July 9, 2019, and Nurse Alexander did not provide medical treatment for the injuries he sustained to his head and face in the attack on that date.  (*Id*.).  Ezebuiroh did not mention the issue of exhaustion of his administrative remedies in this initial response to the summary judgment motion.  (*Id*.).

In the second and third responses filed December 6 and 7, 2021, Ezebuiroh states that he "never got a respon[se] back on the grievancs [he] wrote on the defendants." (Docs. 121 and 123).  He also did not know how to exhaust administrative remedies under the circumstances.  (*Id*.).

<u>**LEGAL STANDARDS**</u>

A.   **Summary Judgment**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Generally, on summary judgment, the district court's role is not to weigh evidence or judge witness credibility. When deciding a motion for summary judgment on the issue of exhaustion, however, a different standard applies. *Pavey v. Conley*, 544 F.3d 739, 739-41 (7th Cir. 2008). The Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *See Pavey*, 544 F.3d at 742. After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). With that said, no hearing is required if no material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal questions").

B.   **PLRA Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), governs lawsuits filed by inmates about the conditions of their confinement pursuant to 42 U.S.C. § 1983. The PLRA

4

provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). This means that an inmate must "us[e] all steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Put differently, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

## DISCUSSION

Based on the evidence in the record, the Court finds that Ezebuiroh failed to exhaust his administrative remedies before filing suit. He did not challenge any of Defendants' proposed findings of fact, and the undisputed facts warrant judgment in favor of both defendants. Accordingly, their motion for summary judgment shall be granted.

The Court warned Ezebuiroh about the consequences of a non-response. In a Rule 56 Notice entered when Defendants filed their motion for summary judgment, the Court explained that "[i]f a party fails . . . to properly address another party's assertion of fact" in a motion for summary judgment, the Court may "consider the fact undisputed for purposes of the motion" pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. (Doc. 102). To demonstrate a genuine issue of material fact for trial, Ezebuiroh could have relied on affidavits, depositions, answers to interrogatories, or admissions on file. *Celotex Corp.*, 477 U.S. at 324-25. He offered

nothing more than a brief summary of his legal claims against each defendant in his initial response, which was the only timely response filed, and a brief commentary about the grievance process in both subsequent responses, which were filed late. Under the circumstances, the Court accepts Defendants' findings of fact as undisputed. *See* FED. R. CIV. P. 56(e).

As for Count 1 against Jail Administrator Benzing, it is thus undisputed that Ezebuiroh submitted no grievances addressing this defendant's failure to protect him during the relevant time period, despite his otherwise regular use of the grievance process at the Jail. (*See* Doc. 99, ¶¶ 14-27). He filed no grievances about threats from inmates in C Block in July 2019. (*Id*. at ¶ 16). He submitted no grievances about any other danger he faced in C Block or seeking a transfer in July 2019. (*Id*. at ¶ 17 ). He also filed no grievances suggesting that Jail Administrator Benzing was aware of a danger he faced in C Block and should have separated Ezebuiroh from the other inmates.[1] (*Id*. at ¶ 19).

As for Count 2 against Nurse Alexander, Ezebuiroh allegedly put in a sick call to address head pain following his assault on July 1. (*Id*. at ¶ 29). However, the grievance he filed the next day focuses only on his treatment for a boil on his leg. (*Id*. at ¶ 30). On July 9, he filed a grievance that mentions a fight "this morning." (*Id*. at ¶ 31). But, when Nurse Alexander asked whether he was bleeding from injuries, Ezebuiroh stated that he was not. (*Id*.). The same day, he submitted a grievance to complain about Nurse Alexander's failure to respond to sick call requests for three

---

[1] More specifically, Ezebuiroh submitted no grievances at all regarding the first assault that occurred on July 1. (*Id*. at ¶ 20). As for the second and third assaults on July 8 and 9, he submitted nine grievances. (*Id*. at ¶ 21). Of those, five refer to potential staff involvement. (*Id*. at ¶ 22). Those dated July 9 and 11 indicate that an unnamed staff member had "a lot" or "something" to do with the fights. (*Id*. at ¶¶ 22-24). In grievances dated July 14 and 24, Ezebuiroh named Officers Kayla and Smith as the individuals who were allegedly involved in the incidents on July 8 and 9. (*Id*. at ¶¶ 25-27). However, none of these grievances were timely filed or fully exhausted before he filed suit against Jail Administrator Benzing and Nurse Alexander.

6

weeks, but he does not mention any injuries or assaults prompting these requests. (*Id*. at ¶ 32). On July 14, he filed a grievance complaining about "how the nurse had talk to me." (*Id*. at ¶ 33).

In order to pursue his claims against the defendants, Ezebuiroh was first required to complete each of the four steps in Marion County Jail's grievance process and do so in a timely manner. The procedure required him to: (1) discuss his complaint with an officer in an attempt to resolve the issue informally; (2) submit a grievance form to the Jail's sergeant; (3) appeal the grievance response to the Jail's administrator; and (4) submit his written grievance to the sheriff. (*Id*. at ¶¶ 5-10). He was required to initiate this grievance process within twenty-four hours of the incident giving rise to the grievance and also file appeals to the next level within twenty-four hours of each denial. (*Id*. at ¶ 11). The undisputed facts reveal that Ezebuiroh failed to comply with this process in connection with Count 1 against Jail Administrator Benzing or Count 2 against Nurse Alexander. Based on the foregoing, the Court finds that both defendants are entitled to summary judgment.

## DISPOSITION

For the reasons set forth herein, Defendant Kenny Benzing and Allison Alexander's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 99) is **GRANTED**. **COUNT 1** against Defendant **BENZING** and **COUNT 2** against Defendant **ALEXANDER** are **DISMISSED** without prejudice based on Plaintiff's failure to exhaust his available administrative remedies in compliance with the Prison Litigation Reform Act before bringing suit against them. All pending motions (Docs. 124 and 125) are **DISMISSED** as **MOOT**.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED.

R. APP. P. 24(a)(1)(C). Because he has "struck out," Plaintiff's motion will be denied and he will be obligated to prepay the entire $505.00 appellate filing fee before proceeding with the appeal unless he demonstrates imminent danger of serious physical injury in connection with his appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

      The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

      **IT IS SO ORDERED**.

      DATED: 1/27/2022

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **United States District Judge**